IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV291-03-MU

| | |
|---|---|
| HERBERT CHAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, JUDGE ) | |
| WILLIAM OSTEEN, STATE OF NORTH ) | |
| CAROLINA; MICHAEL T.W.BELL ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Petition filed on May 4, 2007 in the United States District Court for the District of Columbia. The case was transferred to this Court from the District of Columbia and was received in this Court July 23, 2007.

Pursuant to his Petition, Petitioner contends that Defendant Judge William Osteen[1] and Defendant the United States of America denied him access to the courts in connection with his 2254 claim in the Middle District of North Carolina. Next, Petitioner contends that Defendants the State of North Carolina and Michael T.W. Bell,[2] denied him access to the courts by failing to assist him in preparing his petition for 2254 relief by failing to provide assistance from a person trained in the law or access to the law library. While the nature of his claim sounds like a constitutional challenge

---

[1] This Court takes judicial notice that Judge William Osteen is a district court judge for the Middle District of North Carolina.

[2] While the Petitioner states that Mr. Bell is the Superintendent of Columbus Correctional Institution, the Court takes judicial notice of the fact that Mr. Bell is the Superintendent of Pender Correctional Facility.

1

to his civil rights pursuant to 42 U.S.C. §1983, the relief Petitioner seeks is inconsistent with that available through a §1983 claim. Specifically, by way of relief, Petitioner asks this Court to vacate his 1997 Randolph County conviction for first-degree murder, possession of cocaine, possession of drug paraphernalia and assault with a deadly weapon with intent to kill.

Petitions under 28 U.S.C. § 2241 are used to attack the execution of a sentence and not prison conditions. McIntosh v. United States Parole Commission, 115 F.3d 809 (10th Cir. 1997). Although a § 2241 attack on the execution of a sentence may challenge some matters that occur in prison, such as the deprivation of good time credits or other prison disciplinary matters, this does not make a § 2241 action like a condition of confinement lawsuit, which are properly brought under civil rights law. Id. In the instant case, Petitioner is complaining about access to the law library in connection with his §2254 petition in the Middle District which was denied in 2001. Claims concerning access to the law library is a prison conditions claim and should br brought as a civil rights claim under §1983. However, the relief Petitioner requests is that his underlying conviction be vacated. This type of relief is the type of relief requested in a habeas corpus petition. Indeed, the District of Columbia transferred this case to this Court because the relief Petitioner requested sounded in habeas. This Court agrees that the relief Petitioner seeks is that consistent with a habeas corpus action and will treat Petitioner's petition as a petition pursuant to §2241.

A §2241 petition is properly filed in the district where the petitioner is confined. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); see also In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner is currently confined in the Lanesboro Correctional Facility in Polkton, N.C, which is within the Western District of North Carolina. Therefore, this Court has jurisdiction to consider the instant petition. A §2241 petition must be in writing; verified by the petitioner and

must state facts concerning the allegedly unlawful custody; the name of his custodian and the "claim or authority" under which the custodian acts. In addition, a petitioner filing a §2241 petition must also allege or conclusively demonstrate that §2254 is "inadequate or ineffective to test the legality of detention." In Re Jones, at 333. As an initial matter, Petitioner has not named a proper respondent. Petitioner names four defendants to this action: (1) the United States; (2) Judge William Osteen; (3) the State of North Carolina; and (4) Michael T.W.Bell. However, none of the named defendants are Petitioner's custodian. Next, Petitioner cannot meet the additional burden that §2254 is inadequate or ineffective to test the legality of his detention." Id. Petitioner filed a §2254 Petitioner in the Middle District on May 23, 2000 which was denied on March 1, 2001. Petitioner then appealed the Middle District's Order denying his §2254 Petition. The Fourth Circuit dismissed Petitioner's appeal on August 3, 2001. On September 10, 2002 the Fourth Circuit issued an Order granting Petitioner's motion for rehearing, however, on October 11, 2001 the Court, once again, dismissed Petitioner's appeal. Petitioner has not articulated how his §2254 process was inadequate or ineffective. The fact that his petition was denied is not enough. "It is beyond question that a §2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Id. at 333; see also, Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999); In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Therefore, Petitioner has not stated a claim under §2241 and his Petition is dismissed and denied.[3]

---

[3] Even if this Court were to construe Petitioner's Petition as a claim under 42 U.S.C. § 1983, Petitioner's claim is likely time barred. Additionally, such a claim is appropriately brought in the district (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial portion of the events underlying the claim occurred; or (3) where any defendant may be found, if the action cannot otherwise be bought in any other district.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Petition is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: July 26, 2007

Graham C. Mullen
United States District Judge